Filed 1/2/24  P. v. Workman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085363 |
| Plaintiff and Respondent, | (Super. Ct. No. 18CM0211) |
| v. | |
| DAVID SCOTT WORKMAN, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Randy L. Edwards, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jesica Y. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Poochigian, J. and Meehan, J.

## INTRODUCTION

In 2018, appellant David Scott Workman killed Edwin Tates while driving a vehicle under the influence of alcohol. He pled guilty to second degree murder.

In 2022, Workman filed a petition for resentencing under former Penal Code[1] section 1170.95, now section 1172.6. The trial court denied the petition, finding Workman had failed to make a prima facie case for resentencing relief because the record of conviction conclusively demonstrated that he was ineligible for resentencing relief.

On appeal, Workman contends the trial court erred in denying his petition at the prima facie stage because the court engaged in improper factfinding by relying on the factual basis for his plea in denying his petition. We conclude that his assertion is without merit and affirm the trial court's denying his petition.

## PROCEDURAL HISTORY

On February 20, 2018, the Kings County District Attorney filed a criminal complaint charging Workman with second degree murder (§ 187, subd. (a), count 1); gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a), count 2); driving under the influence of alcohol causing great bodily injury (Veh. Code, § 23153, subd. (a), count 3); driving with a blood alcohol content (BAC) of 0.08 percent or more and illegally or negligently driving a vehicle, causing great bodily injury (Veh. Code, § 23153, subd. (b), count 4); and driving when privilege suspended or revoked for a driving under the influence conviction (Veh. Code, § 14601.2, subd. (a), count 5).

On May 16, 2018, pursuant to a negotiated plea agreement, Workman pled guilty to counts 1 and 3. All remaining counts charged in the complaint were dismissed in view of his plea.

---

[1] All further undefined statutory citations are to the Penal Code unless otherwise indicated.

2.

On June 14, 2018, Workman was sentenced to a term of 15 years to life in state prison on count 1, and a consecutive term of three years on count 3.

On February 26, 2019, this court affirmed the judgment following Workman's direct appeal. (See *People v. Workman* (Feb. 26, 2019, F077881) [nonpub. opn.].)

On April 1, 2022, Workman filed a petition for resentencing under former section 1170.95.

On November 7, 2022, the trial court denied Workman's petition in a written decision.

A timely notice of appeal followed.

## STATEMENT OF FACTS

The following statement of facts is taken from the prosecutor's recitation of facts at the May 16, 2018 change of plea hearing, which was the factual basis for Workman's plea:

On February 17, 2018, in Kings County, Workman was driving a Chevy Malibu at a very high rate of speed. In front of him was a motorcycle driven by Edwin Tates. The force of the collision imbedded Tates's motorcycle in Workman's vehicle. Tates was knocked off of his motorcycle and into oncoming traffic. Another driver swerved very quickly to avoid colliding with the body of Tates and his vehicle flipped. As a result, the other driver was taken to the hospital and suffered a concussion from the force of the flipping of the vehicle. Tates was pronounced deceased at the scene.

Based upon a preliminary screening device, Workman had a BAC of .261 percent. Officers found beers in the back of his car.

Workman suffered prior convictions for driving under the influence (DUI), including in 1999, 2010, 2016 and a conviction for boating under the influence in 2016. During those proceedings, he was warned that driving under the influence is inherently

3.

dangerous to human life and that if he killed someone during the course of another DUI, he would be charged with murder.

The trial court clarified, "Second degree, correct?" The prosecutor clarified that the circumstances of Workman's crime could only support a conviction for second degree murder.

After further discussion, the court stated it was going to read the charges and ask how Workman would plea. The following exchange ensued:

"THE COURT: It says that on or about February the 17th, 2018, in the County of Kings, State of California, you committed the crime of murder, violation of Section 187 as a felony, in that you willfully and unlawfully, with malice aforethought —— with malice aforethought, Mr. -- is that part of the second degree, malice?

"[THE PROSECUTOR]: Yes.

"THE COURT: Okay.

"[THE PROSECUTOR]: It's the implied malice.

"THE COURT: All right. Implied malice aforethought that you murdered Edwin Tyre Tate[s], a human being. All right, Mr. Workman, to that charge, how do you plead?

"[WORKMAN]: Guilty.

"THE COURT: All right. And, then, with reference to Count 3 there's an allegation that on or about the same date of February the 17th you committed the crime of driving under the influence of an alcoholic beverage, causing great bodily injury, in violation of Section 23153(a) as a felony, in that you drove a vehicle while under the influence of an alcoholic beverage and concurrently acted illegally and/or negligently in driving the vehicle, thus causing great bodily injury, as defined in Penal Code Section 12022.7, to Edwin Tyre Tates, and, also, [H.D.], who was within —— and who within ten years of the offense committed two separate other violations of Vehicle Code Section 23152 and, also, Harbors and Navigation Code Section 655(b), which resulted in the convictions as previous noted. One was October 22nd, 2016. One was July 11th, 2010. Those were the

4.

DUIs. And, then, there was a Harbor and Navigation Code violation on September the 3rd, of 2016. To all of those allegations, as well as the count itself, how do you plead?

"[WORKMAN]: Yes.

"THE COURT: Do you admit it?

"[WORKMAN]: Yes.

"THE COURT: And you also plead guilty to Count 3; is that correct?

"[WORKMAN]: Yes."

The trial court found that Workman's plea had been knowingly, intelligently, and voluntarily made, and that there was a factual basis for the plea.

## ANALYSIS

### I.    Workman is Ineligible for Resentencing Relief as a Matter of Law

Workman contends that the trial court erred in denying his petition for resentencing at the prima facie stage because the trial court engaged in factfinding in determining that he was ineligible for resentencing relief. We disagree.

#### A.    Section 1172.6

"Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) [(Senate Bill 1437)] amended the felony-murder rule by adding section 189, subdivision (e). [Citation.] It provides that a participant in the qualifying felony is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. [Citation.] The Legislature also amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*People v. Harden* (2022) 81 Cal.App.5th 45, 50-51; *People v. Strong* (2022) 13 Cal.5th 698, 707-708.)

5.

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," initially codified in former section 1170.95. (*People v. Strong, supra,* 13 Cal.5th at p. 708.) The initial version of former section 1170.95 permitted "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by [Senate Bill 1437]." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

Effective January 1, 2022, Senate Bill No. 775 (2020-2021 Reg. Sess.) (Senate Bill 775) made substantive amendments to former section 1170.95 that were consistent with our Supreme Court's decision in *People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*), and also " '[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' " (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

On June 30, 2022, the statute was renumbered as section 1172.6 without further substantive changes. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.) Section 1172.6, subdivision (a) thus states:

> "(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:
>
> > "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder,

murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

The court shall appoint counsel if requested by petitioner. (§ 1172.6, subd. (b)(3).) After service of the petition, the prosecutor shall file and serve a response. The petitioner may file and serve a reply after the response is served. (*Id.* at subd. (c).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

The prima facie determination is a question of law, and the trial court may deny a petition if the petitioner is ineligible for resentencing as a matter of law. (*Lewis, supra*, 11 Cal.5th at p. 966.) The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*Lewis,* at p. 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s]

facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*)

If the petitioner makes the requisite prima facie showing he or she is entitled to relief under section 1172.6, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subd. (d)(1).)

We review de novo an order denying a petition under section 1172.6 without issuing an order to show cause. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; *People v. Coley* (2022) 77 Cal.App.5th 539, 545; *People v. Harrison* (2021) 73 Cal.App.5th 429, 437.)

### B. Analysis

It is undisputed that Workman entered a plea of guilty to the second degree murder of Tates. Workman killed Tates while driving under the influence of alcohol. At the change of plea hearing, the trial court clarified that Workman's conviction was based on implied malice, a still viable theory of murder following changes made to the Penal Code following the enactment of Senate Bill No. 1437. (*People v. Watson* (1981) 30 Cal.3d 290, 294 [vehicular homicide may be charged as second degree murder "if the facts surrounding the offense support a finding of 'implied malice' "]; *People v. Roldan* (2020) 56 Cal.App.5th 997, 1004 ["[m]alice may be implied when a person willfully drives under the influence of alcohol"]; accord, *People v. Schell* (2022) 84 Cal.App.5th 437, 444 ["[s]econd degree implied malice murder ... is not based on a theory of imputed malice"]; *People v. Carr* (2023) 90 Cal.App.5th 136, 144 [a *Watson* theory does not involve the *imputation* of malice. It requires proof — in addition to the mere fact that the defendant killed someone while driving while intoxicated — that the defendant *personally harbored* implied malice].)

Contrary to Workman's assertions, the trial court did not engage in prohibited factfinding in concluding that the record of conviction conclusively shows that he is ineligible for resentencing relief as a matter of law. (See *Lewis, supra*, 11 Cal.5th at p. 972 [the court should not, at the prima facie stage, "engage in 'factfinding *involving the weighing of evidence or the exercise of discretion*' "].)

There is no dispute that Workman was the sole perpetrator of a vehicle accident, which occurred while he was driving under the influence of alcohol, and that the accident resulted in the death of Tates. Workman had suffered prior DUI convictions and was therefore aware that driving under the influence of alcohol was an act dangerous to human life, and that if he killed someone in the course of another DUI incident, he could be charged with murder.

Moreover, at the change of plea hearing, Workman explicitly pled guilty to the implied malice murder of Tates:

> "THE COURT: All right. Mr. Workman, I'm going to read you the charge and ask how you plead. [¶] It says that on or about February the 17th, 2018, … you committed the crime of murder, [in] violation of Section 187 as a felony, in that you willfully and unlawfully, with .… [¶…¶] *Implied malice aforethought* that you murdered Edwin Tyre Tates, a human being. All right, Mr. Workman, to that charge, how do you plead?
>
> "[WORKMAN]: Guilty." (Italics added.)

Based upon the criminal complaint, the plea colloquy, and Workman's change of plea form, Workman is ineligible for section 1172.6 resentencing relief as a matter of law. His conviction to second degree murder under *People v. Watson* is necessarily based upon implied malice. The trial court did not weigh evidence or exercise its discretion in reaching this conclusion.

*People v. Rivera* (2021) 62 Cal.App.5th 217, upon which Workman relies, does not support a contrary conclusion. There, testimony before a grand jury showed that defendant drove an accomplice to a location where an accomplice shot and killed a victim. (*Id.* at p. 224.) Rivera pleaded no contest to second degree murder, and his trial counsel stipulated to the transcript of the grand jury proceedings as the factual basis for the plea. (*Id*. at pp. 225-226.) Rivera subsequently filed a petition for resentencing under former section 1170.95, which was denied by the trial court at the prima facie stage. (*Ibid.*)

The appellate court reversed the lower court's denial of Rivera's petition, holding that Rivera's bare admission to second degree murder did not establish, as a matter of law, that he committed the murder with actual malice given the generic description of the crimes in the indictment. (*Rivera, supra,* 62 Cal.App.5th at p. 234.) The court further observed that Rivera had not admitted the truth of any particular facts supporting the factual basis for his plea. (*Ibid.*) Thus, the grand jury evidence could not be used to demonstrate that he had admitted to acting with express or implied malice. (*Id*. at p. 235.)

The instant case is distinct from *Rivera* in several significant aspects. First, Workman stipulated to the prosecutor's factual basis for the plea. These facts establish, as a matter of law, that he was not convicted of murder under a theory of imputed malice. Rather, he was the sole perpetrator of an implied malice murder. Second, unlike *Rivera*, nothing in the record suggests that someone other than Workman could have perpetrated the murder, thereby leaving open the possibility that malice was imputed to Workman. Finally, and most importantly, unlike the petitioner in *Rivera*, Workman explicitly pled guilty to the crime of *implied malice murder*, versus the generic crime of murder.

Based on the foregoing, we conclude that the trial court properly denied Workman's petition for resentencing at the prima facie stage, finding him ineligible for

relief as a matter of law.  We therefore summarily reject Workman's remaining assertions to the contrary.

## <u>DISPOSITION</u>

The trial court's November 7, 2022 order denying Workman's petition for resentencing relief under section 1172.6 is affirmed.